NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LSI CORPORATION, AGERE SYSTEMS LLC,**
*Appellants*

v.

**UNITED STATES INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**FUNAI ELECTRIC CO., LTD., FUNAI CORPORATION, INC., P&F USA, INC., FUNAI SERVICE CORP., REALTEK SEMICONDUCTOR CORPORATION,**
*Intervenors*

---

2014-1410

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-837.

---

Decided: March 20, 2015

---

DAVID E. SIPIORA, Kilpatrick Townsend & Stockton LLP, Denver, CO, argued for appellants. Also represented by MATTHEW CHRISTIAN HOLOHAN; DAVID FRANKLIN

NICKEL, Foster, Murphy, Altman & Nickel, PC, Washington, DC.

CATHY CHEN, Office of the General Counsel, United States International Trade Commission, Washington, DC, argued for appellee. Also represented by DOMINIC L. BIANCHI, WAYNE W. HERRINGTON.

CHRISTOPHER D. BRIGHT, McDermott, Will & Emery LLP, Irvine, CA, argued for all intervenors. Intervenors Funai Electric Co., Ltd., Funai Corporation, Inc., P&F USA, Inc., Funai Service Corp. also represented by PAUL DEVINSKY, CHRISTOPHER LAURENCE MAY, JOSHUA DAVID ROGACZEWSKI, Washington, DC; NATALIE A. BENNETT, Chicago, IL. Intervenor Realtek Semiconductor Corporation represented by STEVEN BAIK, Sidley Austin LLP, Palo Alto, CA.

---

Before TARANTO, MAYER, and HUGHES, *Circuit Judges*.

TARANTO, *Circuit Judge*.

LSI Corporation and Agere Systems LLC (collectively, LSI) appeal from an order of the United States International Trade Commission. That order rejected LSI's allegation that Funai Electric Co., Ltd., Funai Corporation, Inc., P&F USA, Inc., Funai Service Corporation, and Realtek Semiconductor Corporation (Funai and Realtek) violated 19 U.S.C. § 1337 by importing WiFi chips or chip-containing products that, according to LSI, infringed two of LSI's patents—U.S. Patent Nos. 6,452,958 and 6,707,867. Regarding the '958 patent, the Commission concluded not only that the asserted claims did not cover the accused products and were invalid, but that LSI failed to demonstrate a domestic industry relating to articles protected by the patent. LSI challenges all of those conclusions. Regarding the '867 patent, the Commission could not find a § 1337 violation because the patent

expired before the Commission could complete its review, and it terminated the investigation as to that patent. But the Commission denied LSI's motion to vacate the administrative law judge's finding that the accused products did not infringe that patent. LSI challenges the denial of vacatur.

We affirm the Commission's no-violation decision regarding the '958 patent. We do so on the ground that LSI has shown no error in the Commission's finding that LSI failed to establish the existence of the required domestic industry. We do not address the infringement and invalidity rulings of the Commission. As to the '867 patent, we conclude that LSI has not shown that the Commission abused its discretion in declining to vacate the ALJ's finding of no violation based on that patent.

## BACKGROUND

In March 2012, LSI filed a complaint with the Commission alleging that Funai and Realtek had violated 19 U.S.C. § 1337 by importing WiFi chips and products containing those chips, which LSI argued infringed certain claims of its patents. The Commission instituted an investigation, 77 Fed. Reg. 22,803 (April 17, 2012), and the assigned ALJ, after several extensions, set the evidentiary hearing to begin on April 2, 2013, J.A. 55.

Several months before the scheduled hearing, on January 10, 2013, this court in *InterDigital Communications, LLC v. Int'l Trade Comm'n* clarified certain requirements for entities seeking to take advantage of the Commission's exclusionary remedy under § 1337. 707 F.3d 1295, 1296 (Fed. Cir. 2013) (referred to by the parties as *InterDigital II* because it was a decision accompanying a denial of a petition for rehearing). The statute bars importation of articles that infringe a patent "only if an industry in the United States, relating to the articles protected by the patent . . . exists or is in the process of being established." § 1337(a)(2). The statute adds, as relevant here, that

such an industry exists "if there is in the United States, with respect to the articles protected by the patent," "substantial investment in [the patent's] exploitation, including . . . licensing." § 1337(a)(3)(C). In *InterDigital II*, we stated that, when a complainant seeks to establish the existence of such an industry based on its investment in licensing activities, the complainant must show that those licensing activities relate specifically to "articles protected by the patent." 707 F.3d at 1298. Such an investment, we said, "must pertain to products that are covered by the patent that is being asserted." *Id.* at 1297–98.

Discovery in the LSI investigation at the Commission closed a month later, on February 8, 2013. After holding a week-long hearing in early April 2013, the ALJ issued a final initial determination on July 18, 2013. The ALJ found that LSI had proved the existence of a domestic industry by virtue of LSI's substantial investment in licensing its patents to third parties, thereby satisfying § 1337(a)(2) and (a)(3)(C). In so doing, the ALJ did not address *InterDigital II* or identify any licensee-produced articles that practiced the asserted patents. The ALJ also found that the asserted claims had not been proved invalid. But the ALJ ultimately concluded that Funai and Realtek had not violated § 1337 because their products were not covered by the asserted claims of the '958 and '867 patents.

The Commission affirmed the ALJ's finding of no infringement of the asserted '958 patent claims, but unlike the ALJ, it also held that those claims were invalid for obviousness. In addition, the Commission reversed the ALJ's conclusion that LSI had established the existence of a domestic industry. As relevant in this court, the Commission reasoned that there was no evidence that LSI's licensing activity related to any article practicing the '958 patent and that, without evidence of any such article, LSI had not proved the domestic industry required by

§ 1337(a)(2) & (a)(3)(C).  J.A. 37 (relying on *Certain Computers and Computer Peripheral Devices and Components Thereof*, Inv. No. 337-TA-841, Comm'n Op. (Jan. 9, 2014), 2014 WL 5380098, at *22–23 (interpreting *InterDigital II*)).  On those multiple grounds, the Commission found no violation of § 1337 based on the '958 patent.

The '867 patent expired on February 23, 2014, after the ALJ determination, and it is undisputed that the Commission therefore could not find a § 1337 violation based on that patent because it could not exclude imports as infringing an expired patent.  For that reason, the ALJ's finding of non-infringement of the '867 patent was not reviewable by the Commission.  LSI accordingly filed a motion to terminate the investigation as to the '867 patent and to vacate the ALJ's finding of non-infringement of that patent.  The Commission granted the motion to terminate the investigation as to the '867 patent, J.A. 38, 42, but it denied vacatur, stating that "[v]acatur is a discretionary matter," J.A. 41.

LSI appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(6).

## DISCUSSION

We review the Commission's final determination under the standards of the Administrative Procedure Act. 19 U.S.C. § 1337(c); *see Corning Glass Works v. Int'l Trade Comm'n*, 799 F.2d 1559, 1565 & n.4 (Fed. Cir. 1986).  We may set aside the Commission's legal conclusions only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A); *see Pass & Seymour, Inc. v. Int'l Trade Comm'n*, 617 F.3d 1319, 1323 (Fed. Cir. 2010).

### A

We first address the Commission's finding of no proven domestic industry for the '958 patent—a finding that, if it stands, suffices to support the Commission's decision

that LSI proved no violation of § 1337 based on the '958 patent. LSI makes only one argument to challenge the no-domestic-industry ruling. It contends that the Commission acted arbitrarily and capriciously by retroactively applying a purportedly "brand new legal standard" announced by the Commission in its January 2014 *Certain Computers* decision to an evidentiary record produced in early 2013. LSI Opening Br. 52. LSI contends that, had it known that it would be required to prove a licensing-related article covered by the patent, it would have adduced additional evidence sufficient to meet that standard. LSI's argument is focused entirely on notice at the close of discovery and the submission of evidence; it makes no argument about lack of notice at the earlier dates of its licensing activities. We reject LSI's challenge.

To begin with, it is anything but clear that a "retroactivity" problem could arise in this context. Even aside from the notion that "retroactivity is not only permissible but standard" in agency adjudications, *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 221 (1988) (Scalia, J., concurring), the Supreme Court has indicated that when a new rule of law "authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 273 (1994). Here, the most that the Commission has done is to limit the circumstances in which it will issue a prospective exclusionary remedy, leaving LSI with its full set of patent-enforcement rights under Title 35. It is unclear if this situation presents a retroactivity issue even if the Commission applied a new rule of law. *See id.* at 293 (Scalia, J., concurring in the judgment) ("Since the purpose of prospective relief is to affect the future rather than remedy the past, the relevant time for judging its

retroactivity is the very moment at which it is ordered.").[1] And LSI does not present an adequacy-of-notice issue separate from "retroactivity."

We need not resolve the foregoing issues, however, because it is clear that LSI did not experience the kind of unfair surprise as to the governing legal standard that it need to establish to sustain its retroactivity challenge. The Commission did not "attach[ ] new legal consequences to events completed" before the consequences were announced—before LSI could take action to avoid those consequences by amassing evidence in discovery and submitting it at the ALJ hearing. *Vartelas v. Holder*, 132 S. Ct. 1479, 1491 (2012) (internal quotation marks omitted) (discussing retroactivity standards). And that conclusion suffices to answer LSI's retroactivity challenge and also to answer any procedural-rights concern about adequate notice.

This court's decision in *InterDigital II*—which came *before* discovery closed and evidence was submitted in this case—stated the patent-covered-article requirement for § 1337(a)(3)(C) that the Commission held LSI failed to satisfy. LSI does not argue, let alone show, that the Commission was wrong in its conclusion on the domestic-industry issue if *InterDigital II*'s articulation governed. LSI does not argue, and we do not think, that *InterDigital*

---

[1] *See also Am. Steel Foundries v. Tri–City Cent. Trades Council*, 257 U.S. 184, 201 (1921) (the Clayton Act's withdrawal of a right to injunctive relief could be applied to past violations because "relief by injunction operates in futuro"); *Ctr. for Biological Diversity v. USDA*, 626 F.3d 1113, 1118 (9th Cir. 2010); *Miccosukee Tribe of Indians of Fla. v. United States*, 619 F.3d 1286, 1288 (11th Cir. 2010); *Al-Bihani v. Obama*, 619 F.3d 1, 22 (D.C. Cir. 2010); *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 477 F.3d 765, 766 (2d Cir. 2007).

*II*'s formulation of the requirements for proving a domestic industry under § 1337(a)(3)(C) differs from the Commission's articulation in *Certain Computers* in any way that is material to this case. Nor does LSI challenge *InterDigital II* as incorrectly decided or dispute this court's authority to depart from earlier Commission decisions concluding "that there was no separate technical prong for licensing." *Certain Computers*, 2014 WL 5380098, at *19.

LSI's argument, therefore, necessarily rests on the assertion that *InterDigital II* had no effect on the Commission's prior precedent until the Commission *itself* adopted *InterDigital II*'s interpretation in its January 2014 *Certain Computers* opinion. *See* LSI Response Br. 27–28. That contention is baseless. LSI offers no reason that our explicit interpretation of the statute's requirements in *InterDigital II* should not have applied prospectively to all parties seeking access to the Commission's exclusionary remedy. Indeed, even if the statute were ambiguous and the Commission could, after *InterDigital II*, adopt an interpretation different from ours, the conclusion would be the same: the decision in *InterDigital II* certainly was the governing interpretation of the statute at the time relevant here—when discovery closed and the ALJ hearing took place. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 983 (2005) (noting that, while an agency may "choose a different construction" of an ambiguous statute, "[i]n all other respects, the court's prior ruling remains binding law"); *see also Garfias-Rodriguez v. Holder*, 702 F.3d 504, 531 (9th Cir. 2012) (Kozinski, C.J., concurring) (appellate court's "provisional" interpretation of ambiguous statute is binding for purposes of retroactivity until relevant agency provides an "authoritative" interpretation).

For those reasons, *InterDigital II* provided ample notice of § 1337(a)(3)(C)'s domestic-industry requirement at a time when LSI retained an ability to present evidence

necessary to meet that requirement. The Commission's decision therefore did not involve retroactive application of a rule to "a past act" that LSI "[wa]s helpless to undo." *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 44 (2006).

Those reasons suffice to dispose of LSI's appeal relating to the '958 patent. We emphasize that LSI challenges only the Commission's purportedly retroactive application of the "brand new" requirement that "a complainant must show the existence of protected articles to show a domestic industry" under § 1337(a)(3)(C). LSI Opening Br. 52, 53. In its brief to us, LSI has not questioned the Commission's substantive interpretation of § 1337(a)(3)(C) in *Certain Computers*, or disputed the Commission's understanding of that provision as precluding a complainant from "rely[ing] on the accused products to satisfy the domestic industry requirement." 2014 WL 5380098, at *21. Nor has LSI challenged the Commission's finding that LSI's proof failed to meet the standard the Commission applied. In particular, before the Commission, LSI did not seek to rely on the *accused* products as satisfying the domestic-industry requirement, and the Commission's finding that LSI failed to prove the required patent-covered articles did not depend on the Commission's disputed claim construction. J.A. 36–38; *see* J.A. 382–84 (ALJ determination). Accordingly, we need not and do not review the Commission's claim construction or its infringement findings as to the accused products in upholding the Commission's conclusion that LSI did not satisfy the domestic-industry requirement. Whether accused articles count under those provisions may be addressed in future cases if the issue is properly raised.

Thus, even though LSI has raised substantial questions about the correctness of the Commission's claim construction relevant to determining infringement of the '958 patent, we need not review that construction here. We also need not and do not address the Commission's separate finding of invalidity.

B

As to the '867 patent, we conclude that the Commission did not abuse its discretion in declining to vacate the ALJ's finding that the accused products did not infringe that expired patent.[2] LSI points to the established practice in the federal judicial system of vacating a court judgment where the case becomes moot by happenstance while on appeal, *see United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950), and to our having extended that practice in a case involving mootness that occurred during the judicial appeal of a final determination of the Commission, *Tessera, Inc. v. Int'l Trade Comm'n*, 646 F.3d 1357, 1371 (Fed. Cir. 2011) (vacating Commission's findings of no infringement for patents that expired during appeal to this court). Those practices reflect judgments not of constitutional necessity but of remedial discretion. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25–26 (1994).

---

[2] The Commission asserts that, because it undertook to review the ALJ's findings on the '867 patent but "t[ook] no position" on them, J.A. 3; *see* J.A. 41; 19 C.F.R. § 210.45(c), there is no "final determination" on the '867 patent that we can review, *see* 19 U.S.C. § 1337(c). Although the Commission took no position on the substance of the ALJ's findings, it issued an order that finally terminated the investigation regarding the '867 patent and denied vacatur of the ALJ's decision. The Commission cites *Import Motors, Ltd. v. Int'l Trade Comm'n*, 530 F.2d 940 (CCPA 1976), and *Block v. Int'l Trade Comm'n*, 777 F.2d 1568, 1572 (Fed. Cir. 1985), in support of its no-jurisdiction argument, but neither case involved a situation similar to the present one: *Import Motors* involved a preliminary denial of participation to certain persons who could intervene later in the proceeding, 530 F.2d at 946; and *Block* involved an abatement of proceedings and

The present situation does not involve the exercise of this court's discretion about dealing with mootness arising in the Article III courts. Here, the Commission lost the ability under § 1337 to grant relief based on the '867 patent while the ALJ determination was under review before the Commission, and the Commission, besides terminating the investigation as to that patent, had to decide whether to take the affirmative step of vacating the ALJ's decision. That is a matter of the Commission's discretion, just as the *Munsingwear*/*Tessera* choice is a matter of judicial discretion. The Commission is entitled to its own choice, as long as that choice is reasonable, about whether to set aside ALJ determinations that the Commission cannot review because of intervening expiration of the patent. *See Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 558 (1978) ("Administrative decisions should be set aside . . . only for substantial procedural or substantive reasons as mandated by statute, not simply because the court is unhappy with the result reached.") (citation omitted).

We cannot say that the Commission's decision to decline to take the formal step of vacating the ALJ determination regarding the '867 patent was unreasonable. Here, the ALJ's final initial determination, even if it were treated as a final Commission determination on the patent, would be subject to the well-settled rule that "decisions of the ITC involving patent issues have no preclusive effect in other forums." *Tex. Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996); *see, e.g.*, *Tandon Corp. v. Int'l Trade Comm'n*, 831 F.2d 1017, 1019 (Fed. Cir. 1987). The ALJ decision

---

vacatur of the ALJ's initial determination because of changes in the patent claims, without prejudice to initiation of a new proceeding involving the new claims, 777 F.2d at 1571–72.

thus has no preclusive effect. (Indeed, the Commission insists that the ALJ's decision did not even become the Commission's determination. *See* Int'l Trade Comm'n Br. 61.) If someone invokes the ALJ's decision before another tribunal purely for the persuasiveness of its reasoning, the success of that invocation depends on the decision's content, not its status. And if the decision is invoked as evidence, the weight of the decision must be, at a minimum, lessened by the fact that LSI had no opportunity to secure even a single level of review. *Cf. Kircher v. Putnam Funds Trust*, 547 U.S. 633, 647 (2006) (issue preclusion generally inapplicable if appeal was unavailable); *Block*, 777 F.2d at 1572. In these circumstances, we do not think that the Commission acted unreasonably in not disturbing the ALJ decision, leaving other tribunals in which the decision may be invoked to decide what if any effect the decision should have.

**AFFIRMED**